```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at LONDON**

```
ROY ALAN JOHNSON,              )
                               )
     Plaintiff,                )
                               )  Civil Action No. 6:08-124-JMH
v.                             )
                               )
MICHAEL J. ASTRUE, COMMISSIONER)
OF SOCIAL SECURITY,            )  MEMORANDUM OPINION AND ORDER
                               )
     Defendant.                )
                               )
                               )
```

**       **       **       **       **

This matter is before the Court on cross motions for summary judgment [Record Nos. 7 and 8][1] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2005, Plaintiff Roy Alan Johnson filed an application for disability insurance benefits alleging that his disability began November 15, 2005. Plaintiff's application was denied initially and upon reconsideration. On February 22, 2007, Administrative Law Judge ("ALJ") Frank Letchworth conducted a hearing on Plaintiff's application. By written decision dated May

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

21, 2007, ALJ Letchworth found that while Plaintiff suffers the severe impairment of degenerative disc disease of the lumbar spine, the impairment, neither singly or in combination with any other impairments, does not meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.  The ALJ concluded that while Plaintiff cannot perform his past relevant work as a long haul truck driver, he has the residual functional capacity to perform a full range of light work, and thus, is not disabled.

In this appeal, Plaintiff claims the ALJ erred by failing to afford proper weight to Plaintiff's treating physicians, Drs. Watts and Idler.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

   1.) Is the individual engaging in substantial gainful
   activity?  If the individual is engaging in substantial
   gainful activity, the individual is not disabled,
   regardless of the claimant's medical condition.

   2.) Does the individual have a severe impairment?  If
   not, the individual is not disabled.  If so, proceed to
   step 3.

   3.) Does the individual's impairment(s) meet or equal the
   severity of an impairment listed in appendix 1, subpart
   P of part 404 of the Social Security Regulations?  If so,
   the individual is disabled.  If not, proceed to step 4.

2

> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the

proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

Relying on the opinions of state agency medical examiners, the ALJ found that Plaintiff has the residual functional capacity to perform light work. Plaintiff argues that the ALJ erred in failing to afford the proper weight to the opinions of Plaintiff's treating physicians, Drs. Watts and Idler. The opinions of treating physicians are entitled to much deference, *see Warner v. Comm'r of Social Security,* 375 F.3d 387, 390 (6th Cir. 2004); however, the deference given to a particular physician's opinion depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. *See* 20 C.F.R. § 404.1527(d); *see also Walters v. Comm'r of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). Furthermore, opinions on some issues, such as whether the claimant is disabled and the claimant's RFC, "are not medical opinions, . . . but are,

4

instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(e); *see* Social Security Ruling (SSR) 96-5p. As the Sixth Circuit has stated, "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner*, 375 F.3d at 391.

On September 23, 2006, and February 6, 2007, Dr. Watts completed Medical Assessments of Ability to Do Work-Related Activities (Physical), estimating Plaintiff's residual functional capacity to be below the sedentary level. Specifically, Dr. Watts found that Plaintiff could lift and carry zero pounds, stand and walk zero hours, sit zero hours, and should never climb, balance, crouch, kneel, crawl or work around heights, moving machinery, temperature extremes, chemicals, dust, noise, fumes, humidity, or vibrations (Tr. 250-53, 273-76). Dr. Watts opined that Plaintiff could do no work at all, was unable to concentrate, would have memory problems and was unreliable in performing job duties (Tr. 272). The reasons given for Dr. Watts' limitations were that Plaintiff suffered from chronic low back pain and his pain limited his ability to engage in any type of work-related activities (Tr. 250, 251, 272, 273, 274).

The ALJ "afford[ed] little weight to Dr. Watts' opinion," finding that it was not supported by objective medical evidence and

was in fact inconsistent with other evidence of record (Tr. 20). Specifically, the ALJ noted that an EMG/nerve conduction study performed on May 10, 2006, showed no evidence of radiculopathy (Tr. 236). In support of his decision not to afford great weight to Dr. Watts' opinion, the ALJ also pointed to treatment notes from Plaintiff's August 10, 2006, visit to the Spine and Brain Neurological Center, which state that Plaintiff showed normal motor strength, reflexes, and sensation in all muscle groups. It was also reported that there was no evidence of muscle spasms or tenderness and that Plaintiff demonstrated a full range of motion in his thoracolumbar spine (Tr. 266). The ALJ also noted that there was no evidence that Plaintiff received any medical treatment after a September 7, 2006, lumbar epidural steroid injection. Contrary to Plaintiff's contention, the ALJ provided adequate reasons for rejecting Dr. Watts' opinion.

Plaintiff also complains that the ALJ improperly rejected the opinion of Plaintiff's treating physician, Dr. Idler of the Indiana Hand Center. The evidence of record from Dr. Idler consists of two two-page letters, dated May 13, 1992 and June 16, 1992 (Tr. 277-280), which are follow-up reports from Plaintiff's wrist fusion surgery. By letter dated May 13, 1992, Dr. Idler opined that Plaintiff was experiencing a 34% impairment of the right upper extremity below the elbow (Tr. 278. In his June 16, 1992 letter, Dr. Idler opined that Plaintiff could lift twelve pounds on a constant basis, twenty-five pounds on a frequent basis, and thirty-

6

five pounds on an occasional basis, and that these restrictions should be permanent (Tr. 279).

In his opinion, the ALJ made no reference to Dr. Idler's findings, perhaps because they were made some thirteen years before Plaintiff alleged he became disabled, or perhaps because Plaintiff was able to maintain gainful employment for several years after the impairment rating was assessed.  Most importantly, however, is the fact that the restrictions announced by Dr. Idler were not inconsistent with the ALJ's determination that Plaintiff could perform work at the light exertional level.  Light work requires no more than frequently lifting ten pounds and occasionally lifting up to twenty pounds, *see* 20 C.F.R. § 404.1567(b), which is less than the restrictions imposed by Dr. Idler.

After reviewing the evidence of record, it is clear that substantial evidence supports the ALJ's findings and the decision not to afford great weight to the opinions of Drs. Watts and Idler.

### V.   CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1)  That the defendant's motion for summary judgment [Record No. 8] be, and the same hereby is, **GRANTED;** and

(2)  That the plaintiff's motion for summary judgment [Record No. 7] be, and the same hereby is, **DENIED.**

7

This the 27th day of January, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge